IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-252-WDM-OES

SUSAN LOUISE MITCHELL,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS, CO, *et al.*,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge O. Edward Schlatter, issued April 29, 2005, that all of Plaintiff Susan Louise Mitchell's (Mitchell) claims be dismissed with prejudice. Mitchell has filed a timely objection to the recommendation. 28 U.S.C. § 636(b).

When timely objections to a magistrate's recommendation are made, a district court must provide *de novo* review for only those issues raised by specific written objections. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b) ("The district judge . . . shall make a *de novo* determination . . . of *any portion* of the magistrate judge's disposition to which *specific* written objection has been made . . . .") (emphasis added); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (finding general, non-specific objections insufficient to warrant *de novo* review); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (finding district courts may review unchallenged

magistrate reports by any standard they deem appropriate).

Magistrate Judge Schlatter based his recommendation on alternative grounds. First, he found that Mitchell failed to comply with Fed. R. Civ. P. 8(a) and 8(e)(1), because her second amended complaint was "verbose, prolix, and virtually impossible to understand."[1] (Recommendation at 3)  Second, he also found that Mitchell's claims should be dismissed because under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to review actions that were taken against her by state judges or magistrates.  (Recommendation at 7-13)

In her objection, Mitchell does not attempt to argue why any of Magistrate Judge Schlatter's findings are incorrect in any way.  Rather, her statements generally assert that she is trying to comply with the orders, that she is confused, and that she is not a trained lawyer.  Even when construed liberally, these "objections" are not sufficiently specific to warrant *de novo* review.

However, even if I were to review *de novo*, I agree with Magistrate Judge Schlatter's recommendation regarding Mitchell's failure to comply with Fed. R. Civ. P. 8(a) and 8(e)(1).  Rule 8(a) requires in part that a complaint consist of "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to

---

[1] Mitchell is proceeding in this case *pro se* and it is well established that her pleadings must be liberally construed.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nevertheless, it is also clear that *pro se* litigants are not entitled to have the Court advocate on their behalf, and they will be held to the same rules of procedure as other litigants.  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

relief . . . ." Rule 8(e)(1) reinforces these requirements by stating that "[e]ach averment of a pleading shall be simple, concise, and direct." Through these requirements, the rules ensure that a complaint will satisfy its main functions – "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to appraise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetary Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

Mitchell filed her original complaint on February 9, 2005. Then, on February 24, 2005, after receiving leave of the Court, she filed an amended complaint. Each complaint was well over forty pages long, contained hundreds of allegations, and was generally unintelligible. Therefore, on March 1, 2005, Magistrate Judge Schlatter entered an Order striking her complaints for failure to comply with Rule 8(a). This Order clearly outlined the Rule 8 requirements, and quoted several helpful passages from relevant case law. In addition, the Order warned Mitchell that it is within the Court's discretion to dismiss a pleading pursuant to Rule 8. (Order at 2, Mar. 1, 2005)

Mitchell was given until March 17, 2005 to file a satisfactory amended complaint. After receiving an extension of time, she filed her second amended complaint on April 22, 2005. However, this complaint also falls well short of the Rule 8 requirements. Although shortened to twenty-three pages, this is mainly the result of

switching from double-space to single-space formatting.[2]  Moreover, Mitchell continues to include over one hundred long and unorganized factual assertions.  In sum, this complaint is generally unintelligible, and fails to provide fair notice to the Defendants.

Thus, Mitchell has failed to comply with an order of the Court, and dismissal is a permissible sanction.  *See Mobley v. McCormick*, 40 F.3d 337, 340 & n.1 (10th Cir. 1994) (finding that a decision to dismiss for failure to comply with a prior order is a matter of the trial court's discretion); *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993) ("A district court has the power to dismiss a complaint when a plaintiff fails to comply with [Rule 8's] 'short and plain statement' requirement.").  However, dismissal is an extreme sanction and will not be imposed unless, "after considering all the relevant factors, [a court] concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992).  Relevant factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (citations omitted).

After due consideration of each of these factors, I find that dismissal is appropriate.  First, the March 1, 2005 Order explained the Rule 8 requirements and

---

[2] Single-space pleadings violate D.C.COLO.LCivR 10.1A.

clearly warned Mitchell that dismissal was possible.  Second, I agree with Magistrate Judge Schlatter that Mitchell's failure to comply has disrupted this case and caused "repeated expenditures of judicial resources" – resources that would have been better spent attending to the merits of this and other cases.  Finally, I find that lesser sanctions would be inadequate.  I have considered merely striking Mitchell's second amended complaint and allowing her to try again.  However, Mitchell's second and third attempts fail to demonstrate that she is making significant progress toward meeting Rule 8's requirements.  Furthermore, since her second amended complaint, Mitchell has submitted two more complaints.[3]  Although these last two attempts are shorter than her first three, they are no more intelligible, and still do not comply with Rule 8.  Therefore, I find that allowing for future amendments would be futile.

Finally, to the extent that any sense can be made of her pleadings, Magistrate Judge Schlatter divined that Mitchell asks that this Court review the proceedings, rulings, and judgments of Colorado state courts.  However, as his recommendation noted, the *Rooker-Feldman* doctrine clearly establishes that this Court does not have subject-matter jurisdiction to entertain such claims.  Therefore, I also accept Magistrate Judge Schlatter's recommendation for dismissal for lack of jurisdiction for substantially the same reasons stated in his recommendation.

Accordingly, it is ordered:

---

[3] On May 9th, Mitchell submitted a rough draft of a complaint along with her objection to Magistrate Judge Schlatter's Recommendation.  The next day she filed a Motion to File Second Amended Complaint and Jury Demand.  This motion was actually just another complaint.

1. The recommendation issued by Magistrate Judge Schlatter on April 29, 2005, is accepted.

2. Plaintiff's claims shall be dismissed with prejudice for failure to comply with Fed. R. Civ. P. 8 and a Court Order, and for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

DATED at Denver, Colorado, on October 19, 2005.

                BY THE COURT:

                /s/ Walker D. Miller
                United States District Judge